1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
3  EUMI L. CHOI (WVBN 0722)
   Chief, Criminal Division
4  TRACIE L. BROWN (CSBN 184339)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, CA 94102
       Telephone: (415) 436-6917
7      Facsimile:  (415) 436-7234

8  Attorneys for Plaintiff

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13 UNITED STATES OF AMERICA,       )   No. 3-05-70991 EDL
                                   )
14        Plaintiff,                )   [PROPOSED] ORDER AND STIPULATION
                                   )   WAIVING TIME UNDER RULE 5.1 AND
15   v.                            )   EXCLUDING TIME FROM APRIL 26, 2006
                                   )   TO MAY 26, 2006 FROM THE SPEEDY
16 GONZALO MAYORGA,                )   TRIAL ACT CALCULATION
                                   )   (18 U.S.C. § 3161(h)(8)(A))
17        Defendant.                )
   _____)

18

19     The parties appeared before the Court on April 26, 2006.  With the agreement of the parties,

20 and with the consent of the defendant, the Court enters this order (1) scheduling a new

21 preliminary hearing/arraignment date of May 26, 2006 at 9:30 a.m., before the Honorable

22 Elizabeth D. Laporte; (2) documenting the defendant's waiver of time limits under Federal Rule

23 of Criminal Procedure 5.1; and (3) documenting the exclusion of time under the Speedy Trial

24 Act, 18 U.S.C. § 3161(h)(8)(A), from April 26, 2006 to May 26, 2006.  The parties agreed, and

25 the Court found and held, as follows:

26     1.  The defendant waived the time limits for a preliminary hearing under Federal Rule of

27 Criminal Procedure 5.1.  Failure to grant the requested continuance would unreasonably deny the

28 defense reasonable time necessary for effective preparation, taking into account the exercise of

STIPULATION AND ORDER
3-05-70991 EDL

1  due diligence, and would deny the defendant continuity of counsel.

2  2. Counsel for the defense believes that postponing the preliminary hearing is in his client's best interest, and that it is not in his client's interest for the United States to indict the case before the currently scheduled preliminary hearing/arraignment date. The parties expect to discuss the possibility of a pre-indictment disposition of the case.

3. The defendant agreed to an exclusion of time under the Speedy Trial Act. Failure to grant the requested continuance would unreasonably deny both government and defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the need for both sides to investigate the facts of the case, and would deny the defendant and the government continuity of counsel.

4. Given these circumstances, the Court found that the ends of justice served by excluding the period from April 26, 2006 to May 26, 2006, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(8)(A).

5. Accordingly, and with the consent of the defendant, the Court ordered that the period from April 26, 2006 to May 26, 2006 be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

4. The Court scheduled a new preliminary hearing/arraignment date of May 26, 2006, at 9:30 a.m., before the Honorable Elizabeth D. Laporte.

IT IS SO STIPULATED.

DATED: _____    /S/ _____
TRACIE L. BROWN
Assistant United States Attorney

DATED: _____    /S/ _____
STEVEN KALAR
Attorney for GONZALO MAYORGA

**IT IS SO ORDERED.**

DATED: 5/9/06



IT IS SO ORDERED
Judge James Larson

STIPULATION AND ORDER
3-05-70991 EDL                    2